PeR Curiam.
The plaintiff declared on a promissory note,which, it seems, was not in his possession. He gave notice to the defendants’ counsel to produce it on the trial, or evidence would be offered of its contents. Miller, one of the defendants, stated to the court that he had not in his possession such an instrument as that described in the declaration and notice; that the only instrument of writing he had received from plaintiff, or had in possession, similar to the one described in the notice, vias one which he then produced to the court. The writing produced by him is under seal; in every other respect it answers the description in the declaration. The'plaintiff’s counsel then introduced a receipt given by Miller for a promissory note, which corresponds in all things with that described in the declaration, from which receipt the declaration was no" doubt framed. The jury found a verdict for the defendants, and the plaintiff moved for a new trial.
The statement made by Miller, although professedly made to the court, was no doubt made in presence of the jury, and probably regarded as evidence. If so, it was an error. Miller was not only a party to the suit, but his statement was not made under oath. The receipt was prima facie evidence of the existence of.such a note as that described in the declaration, and that the same was in possession of Miller; and as to him, it was a written admission, sufficient to entitle the plaintiff to a *364 verdict. When the notice was read, the paper should have been delivered for inspection. After such inspection, by the English rule, it would have been evidence for the defendants, but not before. 3 Phil. Ev. 1190, note 841. The defendants, however, undertook to use this instrument before it was offered to the other party. The receipt was susceptible of explanation, and if, after inspection, the plaintiff had declined to use the paper produced, it would have been competent for the defendants to have shown that a writing obligatory, and not a note, was intended by the receipt.
When the plaintiff discovered his mistake, he should have dismissed his suit. It would have been a great saving of time ' and expense.
Judgment reversed and cause remanded.